Alston v. Microsoft Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand thirteen.

**PRESENT:**
> **RALPH K. WINTER,**
> **PETER W. HALL,**
> > *Circuit Judges,*
> **WILLIAM K. SESSIONS III,**[*]
> > *District Judge.*

_____

**Alson Alston,**

> *Plaintiff-Appellant*,
> > **v.**                                                                 **12-1956**

**Microsoft Corporation,**

> *Defendant-Appellee,*

**Albert Kim,** *et al.*,

> *Defendants.*

_____

_____

[*]Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**     Alson Alston, Esq., *pro se*, Gainesville, FL.

**FOR DEFENDANT -APPELLEE:**     George Peter Barbatsuly, Esq., K&L Gates LLP, Newark, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alson Alston, proceeding *pro se*, appeals the district court's judgment, entered following its partial dismissal of his employment discrimination claims and subsequent grant of summary judgment to Appellee Microsoft Corporation ("Microsoft") on all remaining claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation omitted). Reliance upon conclusory statements or mere allegations, however, is not sufficient to defeat summary judgment. *See Yin Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); Fed R. Civ. P. 56(e).

Here, an independent review of the record and case law reveals that the district court properly granted summary judgment to Microsoft, as Alston did not proffer evidence that his

2

termination was motivated by anything other than his failure to respond to Microsoft's letter, phone call, and email. Even if Alston had preferred that urgent communications be sent to his Pennsylvania address rather than his New York City address, it is undisputed that Microsoft's letter actually reached Alston's residence several days before he was terminated and that Microsoft successfully contacted a member of Alston's family. Alston's other allegations on appeal also do not raise genuine issues of material fact. As a result, the district court properly concluded that no reasonable jury could find that Microsoft's reasons for terminating Alston were pretextual, especially given the significant accommodations that Microsoft made for Alston's alleged disability. We therefore affirm the district court's grant of summary judgment for substantially the same reasons as those stated in the district court's March 27, 2012 decision.

Similarly, the district court did not err in dismissing several of Alston's claims as time-barred, and we affirm the court's dismissals for substantially the same reasons as those stated in its April 27, 2009 decision. Finally, aside from a "complete employee handbook" or "complete statistical information" regarding discrimination engaged in by Microsoft, Alston does not state what kinds of discovery materials were allegedly wrongfully denied to him, and there is no indication that the above information would have warranted a different result on summary judgment. As a result, the district court did not abuse its discretion in denying Alston's discovery requests. *See Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005).

We have considered Alston's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3